GEORGE P. MOFFAT and ANGUS P. ATWOOD, Copartners, Doing Business under the Firm Name and Style of MOFFAT & ATWOOD, Respondents, *v.* ARCHIBALD M. AINSLIE COMPANY and ARCHIBALD M. AINSLIE, Appellants, Impleaded with FRANK V. AINSLIE, Defendant.

First Department, December 31, 1917.

Pleading — complaint — allegations in disjunctive — demurrer sustained.

Where the plaintiffs, suing to recover liquidated damages agreed upon in case the defendant solicited insurance business on behalf of a certain company, which business and the good will thereof the defendant had sold to the plaintiffs, allege in the disjunctive that the defendant in violation of its agreement solicited customers shown on the books of the specified company, " or " on the books of another company, " or " on the books of still another company, etc., a demurrer to the complaint should be sustained with leave to the plaintiffs to plead over.

APPEAL by the defendants, Archibald M. Ainslie Company and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of May, 1917, denying their motion for judgment on the pleadings consisting of a complaint and their separate demurrers thereto.

*Harry B. Bradbury,* for the appellants.

*James Taylor* of counsel [*S. Bishop Marks,* attorney], for the respondents.

LAUGHLIN, J.:

The plaintiffs, constituting a firm of insurance brokers, entered into a contract in writing with the appellant company, which was engaged in the same line of business, on or about the 22d of November, 1916, whereby according to the agreement as *originally drawn and signed by the appellant company* it sold, assigned and transferred to plaintiffs its name and its right, title, interest and good will in and to its business on the books of E. E. Clapp & Co., managers of the Fidelity and Casualty Company of New York, for New York and vicinity, on the 10th day of November, 1916, *and* in any account with or on the books or records of said Fidelity and

Casualty Company, and all commissions due or to become due on any policies or renewals or extensions of said business, and agreed that it would not at any time thereafter canvass, solicit or accept any business from any customer then on its books or records or on the books or records of the individual appellant, or who had been thereon, or on the books or records of E. E. Clapp & Co., or of said Fidelity and Casualty Company, and that it would not permit or allow or give to another the right to canvass, solicit or accept business from any of said customers, and that it would not directly or indirectly in any manner interfere with or advise any of said customers to withdraw or cancel any of their said business, or to place it or any additional business with or through any firm other than the plaintiffs, and that for a breach of any of its said agreements it would pay plaintiffs as liquidated damages the sum of $1,500. After the agreement in that form had been signed by the appellant company, but before it was signed by the plaintiffs, a paragraph was added providing as follows: " This agreement does not include the sale of any business which is not on the books of Messrs. E. E. Clapp & Company, managers for The Fidelity and Casualty Company of New York."

The plaintiffs sue to enjoin violations of the agreement with respect to soliciting and interfering with the business, and for alleged violations thereof in that regard they seek to recover the liquidated damages. The agreement is annexed to and made a part of the complaint. The plaintiffs erroneously allege the effect of the agreement for they allege that they thereby purchased all the business of the defendant company in connection with said Fidelity and Casualty Company shown on the records, not of E. E. Clapp & Co., but of the Fidelity and Casualty Company, and allege that the agreements with respect to soliciting and interfering with business related to customers shown on the books of the appellant company, *or* of the individual appellant, *or* of E. E. Clapp & Co., *or* of the Fidelity and Casualty Company. It is then alleged that in violation of the agreement each of the defendants has canvassed, solicited and accepted renewals of business from customers on the books and records on November 10, 1916, of the appellants " *or* who had been thereon; *or*

on the book or books or records of E. E. Clapp & Company, *or* The Fidelity and Casualty Company," and they further alleged that each of the defendants has in violation of the agreement interfered with and advised customers who were *or* had been on the books or records of the appellants *or* of E. E. Clapp & Co., *or* of the Fidelity and Casualty Company to place their business elsewhere. These allegations being in the *disjunctive* do not show a violation with respect to the business sold which was only the business shown on the books of E. E. Clapp & Co. Under the allegations of the complaint the only alleged violations may have been with respect to business or customers shown on the books of the Fidelity and Casualty Company and not shown on any of the books of the appellants or of E. E. Clapp & Co., and if so they clearly relate to business not sold. We think that the final clause of the agreement which expressly eliminated any business shown on the books of the Fidelity and Casualty Company not shown on the books of E. E. Clapp & Co., from the sale, likewise eliminated any such business from .the agreements of the appellant company with respect to soliciting and interference therewith. This is conceded, in effect, in respondents' points for they say they will be limited to injunctive relief concerning the business and customers shown on the books of E. E. Clapp & Co.

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion for judgment on the pleadings, dismissing the complaint, with costs, granted, with ten dollars costs, but with leave to plaintiffs to amend on payment of the costs of the appeal and of the motion.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiffs to amend on payment of costs.